UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    2015 cv. _____ |
| | ) |
| THE STANDARD INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

PLAINTIFF'S MOTION TO PROCEED UNDER
PSEUDONYM JANE DOE

The Plaintiff hereby moves the court, pursuant to Federal Rules of Civil Procedure 5.2 and 7 and Rule 7 of the Local Rules of the United States District Court of Maine, for an order permitting her to proceed in this case using the pseudonym, Jane Doe, and to also reference to her prior employer as "Law Firm."  In support hereof, Plaintiff relies upon the Confidential Declaration of Geraldine G. Sanchez, Esq., dated March 17, 2015 ("Sanchez Dec.") and the Memorandum of Law incorporated herein.

The undersigned counsel has requested Defendant's assent to this Motion and has been informed that Defendant will communicate its position regarding the requested relief once the Complaint has been filed.

MEMORANDUM OF LAW

I.  Background

Plaintiff was a well-known partner at a Maine law firm (the "Law Firm") and an active member of the Maine bar.  Sanchez Dec., ¶¶ 2-4.  While at her firm, Plaintiff

became severely depressed with suicidal ideation. *Id.* at ¶ 5. In March of 2012, Plaintiff filed a claim with Defendant seeking long-term disability benefits under the Law Firm's employee benefit plan. Plaintiff received 24-months of benefits for her mental health disability from Defendant. The disputed issue is whether Plaintiff received the full amount of benefits owed to her under the terms of the Plan. Complaint at ¶¶ 29-30.

This action is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The administrative record in this case is replete with confidential medical and employment information discussing highly sensitive matters relating to Plaintiff's illness, personal life, partnership compensation, law firm equity, and her experiences with her employer including specific attorney/partners at the firm. Sanchez Dec., ¶ 5.

Because many attorneys regularly access and review this Court's docket and new case filings, there is a significant likelihood that this sensitive information regarding Plaintiff, her spouse and her former employer will be disclosed and potentially shared throughout the bar, if the present relief is not granted.

Further, names and other identifying information of Plaintiff, her former partners and her firm pervade the file making complete redaction difficult. Therefore, Plaintiff will request that the Court issue a confidentiality order so that the administrative record and documents therein may be filed under seal. Plaintiff will work with the Defendant regarding confidentiality once the Court has ruled on the present motion and a scheduling order has been issued.

II.  **Argument**

Plaintiff recognizes that the federal courts are public facilities and should generally operate publicly.  While there is a presumption that parties must be explicitly named, "[t]he presumption can be rebutted. A litigant is allowed … if there are compelling reasons of personal privacy, to litigate under a pseudonym." *Goesel v. Boley Intern. (HK) Ltd ,* 738 F.3d 831, 833 (7th Cir. 2013). *See also Doe v. Word of Life Fellowship, Inc.,* No. 11-40077-TSH, 2011 WL 2968912, at *1 (D. Mass. July 18, 2011) ("[c]ourts do recognize that the use of pseudonyms is necessary in specific circumstances").

Plaintiff is not aware of any Supreme Court or First Circuit Court of Appeals cases setting forth explicit criteria for proceeding under a pseudonym. *See id* at * 1 ("The  U.S. Supreme Court has yet to set a standard to determine when the use of a pseudonym is proper, and the Circuits have created various discretionary factor tests to balance competing interests of public access and privacy.")  In the Seventh Circuit, however, the presumption that plaintiffs must proceed publicly "can be rebutted by showing that the harm to the plaintiff . . . exceeds the likely harm from concealment." *Doe v. City of Chicago,* 360 F.3d 667, 669 (7th Cir. 2004). The Ninth Circuit allows parties to use pseudonyms "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir. 2000).

Here, the special circumstances of this case overcome the general presumption  that parties should publicly litigate their cases.  As discussed above, Plaintiff remains a well-known lawyer who practiced for decades with her law firm.  She suffers from severe depression and has been treated for suicidal ideation.  The administrative record contains highly sensitive information regarding her condition, her employment and her personal life.

As this Court is aware, federal practitioners in Maine actively review new case filings and decisions. Due to Plaintiff's legal career, there is a significant likelihood that certain attorneys will delve into the details of her case in order to gain insights into her personal life and the business of her former law firm. Correctly or not, risk of widespread disclosure causes great anxiety and embarrassment in Plaintiff to the extent of potentially chilling her need to pursue benefits in court and exacerbating her underlying condition. *See Doe v. Provident Life & Acc. Ins. Co.,* 176 F.R.D. 464, 468 (E.D. Pa. 1997) ("Unfortunately, in our society, there is a significant stigma associated with being identified as suffering from a mental illness. . . . the public has an interest in preventing the stigmatization of litigants with mental illnesses. Further, plaintiff's identity should be protected in order to avoid deterring people with mental illnesses from suing to vindicate their rights.")[1]

The federal courts have frequently permitted parties suffering from mental illness to proceed under a pseudonym. For example, in *Doe v. Miami Life & Health Ins. Co.,* 471 F. Supp. 2d 139 (D.D.C. 2007), a 20-year-old woman challenging the denial of insurance benefits for treatment of her bulimia nervosa was permitted to proceed anonymously. In *Douglas S. v. Altius Health Plans, Inc.,* 409 Fed. Appx. 219 (10th Cir. 2010), the plaintiffs –both the patient and her parents –proceeded under pseudonyms in a case involving the defendant's denial of insurance benefits for the plaintiff's treatment of depression. *See also Anonymous Oxford Health Plan Member with ID No. 6023604*01 v. Oxford Health Plans (N Y), Inc.,* No. 08 Civ. 943 (PAC), 2009 WL 667237 (S.D.N.Y. March 16, 2009) (involving denial of inpatient treatment of an eating disorder); *Beverly C. v. Hampstead Outlook, Inc.,* No. C-93-307-L, 1994 WL 369534 (D.N.H. July 12, 1994) (involving civil rights allegations of a plaintiff suffering from an eating disorder); *Doe v. Colautti,* 592 F.2d 704 (3d Cir. 1979); *Doe v. Harris,* 495 F. Supp. 1161 (S.D.N.Y. 1980);

---

[1] This motion does not advocate for a whole-cloth exemption for lawyers from the presumption of public disclosure of litigants. However, the circumstances of this case (*e.g.,* a lawyer-plaintiff whose claim centers upon when she became disabled with depression from her law firm) present a compelling need for Plaintiff to proceed under a pseudonym.

*Doe v. Gallinot,* 486 F. Supp. 983 (C.D. Cal.1979); *Doe v. New York Univ.,* 442 F. Supp. 522 (S.D.N.Y. 1978).

The requested relief will also not result in any prejudice to Defendant or harm to the public's interest in the suit.  Defendant is well accustomed to the handling and litigating of claims with confidential information subject to redaction.  Plaintiff will work with Defendant to propose a Local Rule 26 Confidentiality Order that balances both the risk of widespread public disclosure of sensitive information with any burden imposed due to the use of a pseudonym in the action.  Further, the public will have full access to any decisions issued by the Court and the reasoning therefor.  As a result, the public's interest in preserving the precedential value of the case remains intact.

### III.  **Conclusion**

For all the reasons above,  Plaintiff therefore respectfully requests that the Court permit her to proceed in this action under a pseudonym and such other and further relief as the Court may deem just and appropriate.

DATED:  March 17, 2015

/s/Geraldine G. Sanchez_____
Geraldine G. Sanchez, Bar No. 8050

ROACH HEWITT RUPRECHT
SANCHEZ & BISCHOFF, P.C.
66 Pearl Street, Suite 200
Portland, ME 04101
(207) 747-4870
gsanchez@roachhewitt.com

*Attorneys for Plaintiff Jane Doe*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Plaintiff's Motion to Proceed under the Pseudonym Jane Doe will be served with the Complaint upon Defendant. The undersigned will further verify the actual date of service of this Motion when Plaintiff's files the return/acknowledgement of service with the Clerk of the Court using the CM/ECF system.


Dated: March 17, 2015                    */s/ Geraldine G. Sanchez*
                                         Geraldine G. Sanchez

                                         ROACH HEWITT RUPRECHT
                                         SANCHEZ & BISCHOFF, P.C.
                                         66 Pearl Street, Suite 200
                                         Portland, Maine 04101
                                         (207) 747-4870
                                         gsanchez@roachhewitt.com