UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15-cv-00105-GZS |
| | ) | |
| STANDARD INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON PENDING MOTION**

Plaintiff asserts this action pursuant to the Employment and Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq., (ERISA) to recover disability benefits under her former employer's long-term disability plan. Plaintiff maintains that she is entitled to disability benefits as the result of a serious mental health condition from which she has suffered and continues to suffer.

The matter is before the Court on Plaintiff's Motion Showing Cause Why She Should Be Permitted to Proceed in Pseudonym. (ECF No. 22.) Defendant does not object to the motion. As explained below, after review of the record, and after consideration of Plaintiff's argument, I grant Plaintiff's motion.

**Procedural and Factual Background**

When Plaintiff commenced this action, she filed a motion to proceed under the pseudonym Jane Doe, in which motion Plaintiff principally relied on the nature and seriousness of her mental health condition to support her request. (ECF No. 3.)  The Court granted the motion. (ECF No. 9.)

Citing similar concerns, on June 9, 2015, Plaintiff filed a motion to seal the administrative record, or for additional time to file a redacted record. (ECF No. 11.) Defendant did not object to the motion. Upon review of the motion, the Court scheduled a telephonic conference to address the motion, and to discuss with the parties whether the Court's earlier order granting Plaintiff permission to proceed under a pseudonym should remain in effect. As the result of the conference, the parties were ordered to file a redacted record. (ECF No. 15.) Mindful that as a general rule the public should have access to judicial records, I also ordered Plaintiff to file a motion to show cause as to why the Court should continue to permit her to proceed under a pseudonym.

## Discussion

Through her motion, Plaintiff reiterates that her primary concern is the serious mental health condition from which she suffers and the detrimental effect that public disclosure of her identify would have on her health and on the well-being of her family. Plaintiff questions whether she would be able to proceed with the action if she were required to disclose her identity.

Generally, the "title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a). Courts, however, have recognized exceptions to this rule, and permitted parties to proceed under pseudonyms. As one court observed:

> Although no express standard exists setting forth these exceptions, this court's review of numerous cases has uncovered some classifiable characteristics. The most common instances are cases involving [inter alia] mental illness ….
>
> ….
>
> A plaintiff should be permitted to proceed anonymously in cases where a substantial privacy interest is involved. The most compelling situations involve matters which are highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity.

*Doe v. Rostker*, 89 F.R.D. 158, 161 – 62 (N.D. Cal. 1981).

As noted by the court in *Rostker*, courts have recognized mental illness as a legitimate basis for permitting a party to proceed under a pseudonym. In authorizing the plaintiff to proceed under a pseudonym, the court in *Doe v. Provident Life and Accident Insurance Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997), specifically cited the interest in "preventing the stigmatization of litigants with mental illness" among the bases for its decision. Similarly, where a plaintiff sought to recover disability benefits for a mental illness, the court in *Doe v. Hartford Life and Accident Insurance Co.*, 237 F.R.D. 545, 550 (D. N.J. 2006), noted that the public interest in ensuring that the "rights of mental illness sufferers are represented fairly and without the risk of stigmatization …. can not be achieved if litigants suffering from mental illness are chilled from ever reaching the courthouse steps for fear of repercussions that would ensue if their condition was made public."[1] Consistent with this view, this Court has previously permitted plaintiffs to proceed under pseudonyms for several valid reasons, including where the plaintiff's mental health was a principal issue in the case. *See*, *e.g.*, *E. v. Anthem Blue Cross and Blue Shield*, No. 2:15-cv-00001-DBH; *Doe v. Att'y Gen.*, No. 1:08-cv-00230-JAW.

The mere fact that a plaintiff alleges a mental health condition, or seeks to recover damages or benefits for a mental health condition, is not dispositive. The court in *Provident Life* outlined more specifically some of the factors that courts should consider when determining whether to permit a plaintiff to proceed under a pseudonym:

> The factors which support the use of pseudonymous litigation are as follows: (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public

---

[1] The court in *Hartford Life* also observed that "many courts have recognized pseudonym use in mental health cases." 237 F.R.D. at 549 (citing *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *Doe v. Colautti*, 592 F.2d 704, 705 (3d Cir. 1979); *Doe v. Harris*, 495 F. Supp. 1161 (S.D.N.Y. 1980); *Doe v. Gallinot*, 486 F. Supp. 983 (C.D. Cal. 1979); *Doe v. New York Univ.*, 442 F. Supp. 522 (S.D.N.Y. 1978)).

> interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.
>
> On the other side of the scale, the factors which militate against the use of a pseudonym are as follows: (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

176 F.R.D. at 467 – 68 (citation omitted).

A review of the record reveals that Plaintiff's anonymity has been preserved to this point; that Plaintiff is not a public figure and her identity is not otherwise noteworthy to the public particularly given that she is no longer employed; that she does suffer from a serious mental health condition[2]; that her concerns about the effect of disclosure on her health and others are valid; that disclosure could provide a disincentive to others who are similarly-situated to seek help for serious mental health conditions, which result would be contrary to the public interest; that Plaintiff might decide not to pursue the action if she is not allowed to proceed under a pseudonym thereby potentially forfeiting any right that she might have to recover the disability benefits in dispute in this action, which benefits could be of assistance to her in her treatment; and that Plaintiff's motivation is legitimate.[3] In short, when the relevant factors are considered, the circumstances of this case militate in favor of permitting Plaintiff to proceed under a pseudonym.

I recognize that litigation is stressful and that public disclosure of private information only exacerbates the stress. Litigation-related stress and a general desire for privacy would not justify

---

[2] A review of the current record suggests that the issue in the case is not whether Plaintiff suffers from a serious mental health condition, but the onset date of the condition.

[3] The Court considers Defendant's lack of objection to the motion as an implicit acknowledgement that Plaintiff's motives and her concerns are legitimate.

the grant of a request to proceed under a pseudonym even if disclosure would likely cause mental health concerns.  In this case, however, the sole focus of the litigation is Plaintiff's serious mental health condition and her attempt to recover disability benefits for that condition.  To deny Plaintiff's request under the circumstances of this case might not only prevent Plaintiff from proceeding on her claim, but might also discourage others who suffer from a serious mental health condition from asserting their claims for mental health related benefits to which they are entitled, or otherwise seeking the assistance of professionals and others in their effort to treat and address their condition.  Particularly when the public will have access to the facts relevant to the parties' arguments and the Court's ultimate decision in the case, an order permitting Plaintiff to proceed under a pseudonym will not unreasonably interfere with the public's interest in access to judicial records and will promote the public's interest in enhancing the likelihood that individuals suffering serious mental illnesses will seek appropriate assistance.

## Conclusion

Based on the foregoing analysis, the Court grants Plaintiff's Motion Showing Cause Why She Should Be Permitted to Proceed in Pseudonym.  (ECF No. 22.)  Plaintiff, therefore, may continue to proceed under a pseudonym.[4]

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of October, 2015.

---

[4] The granting of Plaintiff's request shall not be construed to limit the Court's ability to rely upon or reference any portion of the record in any decision that it might render in this action, even if reference to the portions of the record might increase the likelihood that a member of the public will identify Plaintiff.  In addition, the Court reserves the right to revisit the issue should circumstances change.